NATHAN KATZMAN, PLAINTIFF-RESPONDENT, v. EDGAR L. BUDDEN AND REYNOLDS METAL COMPANY, A CORPORATION, DEFENDANTS-RESPONDENTS.

Submitted October 1, 1940—Decided November 27, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the defendants-appellants, *William J. Straub* and *Stanley U. Phares.*

For the plaintiff-respondent, *Edward Schwartz.*

BODINE, J. The Reynolds Metal Company appeals from a judgment in the Second District Court of Hudson county. The case was tried by the court without a jury.

About nine o'clock on the morning of February 27th, 1939, a car driven by the defendant Edgar L. Budden struck the rear of plaintiff's car causing the damages for which there was recovery. Budden was the owner and operator of the car at the time of the accident. The question for the trial court was whether Budden was the agent of the appellant, the Reynolds Metal Company.

The answers to interrogatories indicate that on the day of the accident, Budden employed by the Reynolds Metal Company, had returned to the Exlax Company in Brooklyn a piece of art work of Jest, which the Metal Company had used in work it had done for the Exlax Company. At the time of the accident he was returning to his place of employment. We think, on these proofs, it was "open to the trial judge, sitting without a jury, to find that the driver at the time of the injury was the servant or agent of the defendant, and that the act was done in the course of, and was within the scope of, his employment, and that consequently the defendant was liable." *Ben* v. *Eastern Motor Co.*, 94 *N. J. L.* 35.

The plaintiff testified that after the accident, Budden produced his car and operator's licenses and "sort of apologized for his carelessness. He told me he was very sorry that this thing happened and that he realized he made an awful mistake in going as fast as he did, but that he was in a great hurry to get to his place of business; that he had come from making a delivery in Brooklyn, New York, and that he was behind * * *. He said he was making a delivery for the Reynolds Metal Company." Budden also paid for the repairs to the car of John E. Styles, damaged in the same accident.

Appellant argues that the assumption that Budden's car was being operated by him for his own benefit was not overcome by the proofs, and further that Budden's declaration at the time of the accident was not admissible in evidence to prove the fact of agency. *Leonard* v. *Standard Aero Corp.*, 95 *N. J. L.* 235. However, no objection was made to this testimony when offered.

Vice-Chancellor Reed said of a similar situation: "The incompetency, therefore, of this testimony being waived by want of objection, the only question is in respect to its probative force. The probative force of this declaration by * * * must be regarded in connection with the fact that no testimony was offered by the company to refute it. It is impossible to disregard the significance of the fact that a party who has it in its power to show the inaccuracy of a statement made by an opposing witness fails to make this attempt." *Smith* v. *Delaware and Atlantic Tel. and Tel. Co.*, 63 *N. J. Eq.* 93 (at *p.* 95).

We regard, however, the interrogatories, as answered, sufficient to establish liability. Where the proofs support the findings of the District Court such findings will not be disturbed on appeal. *N. J. S. A.* 2:32-202.

Judgment is affirmed.